# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1174V
Filed: February 25, 2016
UNPUBLISHED

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
COLT SANDERS,                          *
                                       *
                 Petitioner,           *
         v.                            *
                                       *    Attorneys' Fees and Costs;
SECRETARY OF HEALTH                    *    Special Processing Unit ("SPU")
AND HUMAN SERVICES,                    *
                                       *
                 Respondent.           *
                                       *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*John Robert Howie, Jr.*, Howie Law, P.C., Dallas, TX, for petitioner.
*Lisa Ann Watts*, U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

     On October 9, 2015, Colt Sanders filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine he received on November 1, 2014. Petition at 1. On February 18, 2016, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer. (ECF No. 20).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On February 19, 2016, petitioner filed a motion for attorneys' fees and costs. (ECF No. 22). Petitioner requests $12,227.00, in attorneys' fees, and $658.41, in costs for a total of $12,885.41. Id. at 1. In compliance with General Order #9, petitioner states that he incurred no out-of-pocket expenses. On February 22, 2016, respondent filed a response stating that she does not oppose petitioner's application for attorneys' fees and costs. (ECF No. 23).

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of petitioner's request and the lack of opposition, the undersigned **GRANTS** petitioner's application for attorneys' fees and costs.[3]

**Accordingly, the undersigned awards the total amount of $12,885.41, as a lump sum in the form of a check payable jointly to petitioner, Colt Sanders, and petitioner's counsel, John R. Howie, Jr.**

The clerk of the court shall enter judgment in accordance herewith.[4]  **IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[3] In other cases, the undersigned has reduced attorneys' fees where multiple attorneys worked on a file. The undersigned recognizes that the amount sought for attorneys' fees and costs is higher than the amounts awarded in the majority of special processing unit cases due to the greater complexity involved in ascertaining damages in this case. The undersigned finds the overall amount to be reasonable given the circumstances in this case and thus, will not reduce the amount of fees sought. However, the practice of having multiple attorneys work on a file is discouraged, and may result in a reduction in fees in other cases.

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. See Vaccine Rule 11(a).